## United States *v.* C. H. Stoelting Co. (No. 3689)[1]

United States Court of Customs and Patent Appeals, March 26, 1934

*Charles D. Lawrence*, Assistant Attorney General (*Richard E. FitzGibbon* and *Ralph Folks*, special attorneys, of counsel), for the United States.

No appearance for appellee.

[Oral argument February 13, 1934, by Mr. Folks; submitted on record by appellee]

Before Graham, Presiding Judge, and Bland, Hatfield, Garrett, and Lenroot, Associate Judges

Lenroot, Judge, delivered the opinion of the court:

This appeal involves certain devices known as "chronoscopes", imported at Chicago, which were classified by the collector and assessed with duty at the rate of $4.50 each and 65 per centum ad valorem, as chronoscopes having clockwork mechanisms, under the provisions of paragraph 368 of the Tariff Act of 1930.

Appellee protested said classification and assessment with duty, claiming in its protest that the articles are properly dutiable as "scientific instruments" at 40 per centum ad valorem under the provisions of paragraph 360 of said tariff act.

The United States Customs Court sustained the protest of appellee and held the articles to be properly dutiable, as claimed, under said paragraph 360. Judgment was entered accordingly, and from such judgment this appeal is taken.

---

[1] T. D. 46995.

Insofar as is here pertinent, the competing paragraphs of said tariff act read as follows:

PAR. 360. Scientific and laboratory instruments, apparatus, utensils, appliances (including surveying and mathematical instruments), and parts thereof, wholly or in chief value of metal, and not plated with gold, silver, or platinum, finished or unfinished, not specially provided for, 40 per centum ad valorem * * *.

PAR. 368. (a) Clocks, clock movements, including lever movements, clockwork mechanisms, time-keeping, time-measuring, or time-indicating mechanisms, devices, and instruments, * * * and any mechanism, device, or instrument intended or suitable for measuring time, distance, speed, or fares, or the flowage of water, gas, or electricity, or similar uses, or for regulating, indicating, or controlling the speed of arbors, drums, disks, or similar uses, or for recording or indicating time, or for recording, indicating, or performing any operation or function at a predetermined time or times, all the above (except the articles enumerated or described in paragraph 367), whether or not in cases, containers, or housings:

(1) If valued at * * * more than $10 each, $4.50 each;

(2) any of the foregoing shall be subject to an additional duty of 65 per centum ad valorem; * * *

One witness testified in behalf of appellee; appellee introduced in evidence two exhibits describing the device and its uses, and another exhibit containing a list of educational institutions which are comparatively recent purchasers of the device. The Government offered no testimony.

The appellee made no appearance in this court.

The evidence shows that the devices here in question are clockwork mechanisms adjusted to record the lapse of time in periods of one one-thousandth of a second. The device runs only for a period of 2½ to 3 minutes without rewinding, and has no practical use for ordinary timing purposes. It is used only in connection with other apparatus in research work in laboratories of universities and other institutions for measuring the time of reaction of human beings while subjected to certain experimental tests.

The trial court held that the devices were used in pure, as distinguished from applied, science, and were scientific instruments within the meaning of those words as used in said paragraph 360.

We are of the opinion that the evidence in the record supports this finding of the trial court.

The Government contends, however, that these devices are more specifically provided for in said paragraph 368. It further contends that, if not more specifically provided for in said paragraph 368, they are as specifically provided for therein as they are in paragraph 360, and that therefore, in view of the provisions of paragraph 1559 of said tariff act, they are dutiable under said paragraph 368 because the applicable rate therein provided is higher than the rate provided in said paragraph 360.

In the case of *Conover* v. *United States*, 17 C.C.P.A. (Customs) 324, T.D. 43743, we construed the term "scientific instruments" as used in paragraph 360 of the Tariff Act of 1922, the predecessor of paragraph 360 of the Tariff Act of 1930, as follows:

* * * We are of opinion, therefore, that the term "scientific", in paragraph 360, was intended by the Congress to be limited, except as otherwise specially provided therein, to instruments, apparatus, utensils, and appliances used in pure, as distinguished from applied, science. * * *

Paragraph 360, here under consideration, so far as scientific instruments are concerned, is identical with said paragraph 360 of the Tariff Act of 1922.

The decision in said *Conover* case, *supra*, was rendered prior to the enactment of said Tariff Act of 1930; therefore we must import into said paragraph 360 of the Tariff Act of 1930 legislative adoption of our construction of the words "scientific instruments" as used in said paragraph 360 of the Tariff Act of 1922.

Having in mind, therefore, that only instruments used in pure, as distinguished from applied, science are dutiable under said paragraph 360 of the Tariff Act of 1930, and that the devices here involved are used only in pure science, we are of the opinion that they should be classified thereunder. We think it was the intent of Congress to include in paragraph 368 devices of the character therein described, used in applied science, or for practical purposes, and that it was not the intention to include therein such a device as is here involved, used only in pure science. It does not seem to us that a mechanism which will run not more than 3 minutes, and is used only in pure science and is adapted for no other purpose, should be held to be a time-measuring mechanism within the meaning of said paragraph 368, in view of the provision for scientific instruments in said paragraph 360.

In the case of *United States* v. *Clay Adams Co., Inc.*, 20 C.C.P.A. (Customs) 285, T.D. 46078, there was involved the dutiable classification of a device known as a "microscopic drawing and projection apparatus." There the competing paragraphs were said paragraph 360 and paragraph 228 (b) of the Tariff Act of 1930. Said last-named paragraph specifically provided for projection lenses, microscopes and all optical instruments. We there said:

We think the context of paragraph 228 (b) and a consideration of the character of the articles Congress specifically provided for therein compels the conclusion that the legislature contemplated the classification thereunder of merchandise such as is at bar. This being clear to us, hair-splitting considerations involved in determining the degree of specificity of the two provisions is unimportant. The paragraph provides for projection lenses and for microscopes, and the catch-all provision covers "all optical instruments." It being conceded that the importation is an optical instrument, is there any plausible reason to conclude that Congress intended to have a different rate of duty apply to a combination of a projection lens and a microscope than that which it made applicable to the

units of the combination when imported by themselves? No reason has been assigned, and we know of no plausible reason which can be assigned which would account for Congress intending such an anomalous result. Anomalies of this kind must be avoided if the language permits. The language not only permits the avoidance of such an anomalous result but we think compels it. See *United States* v. *Stone & Downer Co.*, 274 U.S. 225.

Thus it will be seen that said case is readily distinguishable from the case at bar. We find nothing in the language of said paragraph 368, when considered in connection with the language of paragraph 360, to lead us to the conclusion that such a device as is here involved should be classified under paragraph 368.

It is well known that many very delicate scientific instruments are provided with clockwork mechanisms of various kinds. This is particularly true of astronomical instruments of very great delicacy and of great value, designed for the purpose of measuring the distance of the stars and planets from the earth. We do not think that Congress intended that all such instruments, used only in pure science, should be classified under said paragraph 368, but did intend that they should be classified under paragraph 360, unless more specifically provided for elsewhere.

It is our conclusion that Congress did not intend to include within the provisions of paragraph 368 any article or device which is used only in pure science.

For the reasons stated herein, the judgment of the United States Customs Court is *affirmed*.